UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| AMA MULTIMEDIA, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SPANKBANG.COM; NIVUN PTE LTD, a foreign corporation, individually and d/b/a SPANKBANG.COM; and John Does 1-20,<br><br>Defendants. | **Case No.: 2:16-cv-00435-RAJ**<br><br>**PLAINTIFF AMA MULTIMEDIA, LLC'S *EX PARTE* MOTION FOR EXTENSION OF TIME FOR SERVICE OF PROCESS PURSUANT TO FED.R.CIV.P. 4(m)**<br><br>NOTE ON MOTION CALENDAR: March 25, 2016 |

Plaintiff, AMA Multimedia, LLC (hereinafter "AMA Multimedia," "AMA," or the "Plaintiff") files this Motion for Extension of Time to Serve (hereinafter this "Motion") in the above -captioned case through its counsel, Spencer D. Freeman, The Freeman Law Firm, Inc. Plaintiff seeks leave for an extension of time pursuant to Fed.R.Civ.P. 4(m) so that Plaintiff can continue to discover the identities of the owners and operators of Defendants Spankbang.com and Nivun Pte Ltd. This information is essential to prosecuting the Complaint filed by Plaintiff in this case (Dkt. No. 1).

PLAINTIFF'S MOTION FOR EXTENSION OF TIME - 1

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

## I. INTRODUCTION

Plaintiff filed the instant action on March 25, 2016, thereby mandating service of process by July 25, 2016. Service of Process has yet to be achieved because Plaintiff is still engaged in subpoenas with the vendors of Defendants' websites to discover the true identity of the owners and operators of the websites. Given that the delay in service of process is the Defendants' action in hiding their true identity, good cause exists to extend the time limits for service of process.

## II. FACTUAL BACKGROUND

On March 25, 2016, Plaintiff filed this instant action regarding copyright and trademark infringement occurring on the web site Spankbang.com. *Declaration of Spencer Freeman In Support of Plaintiff AMA Multimedia, LLC's Motion For Extension of Time Limit for Service of Process ("Decl. S. Freeman"),* p 2, ¶ 2. On April 14, 2016, after attempting to determine the owners and operators of the web sites, Plaintiff filed a motion for leave to conduct early discovery in order to discover the actual identity of the owners and/or operators of Spankbang.com, the websites at issue in this case, and Nivun Pte Ltd., a Singapore company listed as the owner of Spankbang.com. (Dkt. No. 5.) *Decl. S. Freeman,* p 2, ¶¶ 3-4. On May 23, 2016, the Court entered an Order Granting Plaintiff's Motion for Early Discovery. (Dkt. No. 8.) *Decl. S. Freeman,* p 2, ¶ 5.

Within approximately a week of the Court's Order, Plaintiff AMA served subpoenas on Cloudflare, Inc.; Enom, Inc.; Rightside Operating Co.; Namecheap.com; Incorporate Now, Inc.; and Traffic Haus. Cloudflare, Inc. hosts the website Spankbang.com. Namecheap.com and Enom, Inc. are domain registrars associated with Spankbang.com. Enom, Inc. is a division of Rightside Operating Co. Incorporate Now, Inc. provides DMCA Agent services for Spankbang.com. Traffic Haus provides advertising for Spankbang.com. *Decl. S. Freeman,* p 2, ¶ 6.

Between June 29, 2016 and July 15, 2016, Plaintiff received responses from Cloudflare, Enom, Inc., Namecheap.com, Rightside Operating Co., and Incorporate Now, Inc. The documents disclosed pursuant to these subpoenas references what appears to be a nickname and not the actual name of a person. *Decl. S. Freeman,* p 2, ¶ 7. To date, there has been no response from Traffic Haus. A follow up letter has been delivered to Traffic Haus and a motion to compel is currently being explored. *Decl. S. Freeman,* p 2, ¶ 8.

The subpoena responses led to the issuance of three more subpoenas: Cross Campus, Charter Communications, and IPVanish. Through the responses, it was determined that each of these entities provided IP addresses from which Spankbang.com was accessed for administrative tasks. Cross Campus's response is due August 1, 2016. Charter Communications has been in touch with Plaintiff's counsel and indicated that the responses will be forthcoming August 8, 2016 absent action from the account holder. IPVanish's response date is August 22, 2016. *Decl. S. Freeman,* p 2-3, ¶¶ 9-12.

AMA needs the subpoena responses from Traffic Haus, Cross Campus, Charter Communications, and IPVanish in order to determine the identity of the operators of Spankbang.com and Nivun Pte. Ltd. *Decl. S. Freeman,* p 3, ¶ 13.

### III. ARGUMENT

Fed.R.Civ.P. 4(m) mandates that service on a defendant (other than one located in a foreign country) occur within 120 days of filing of a lawsuit. In the instant matter, with the Complaint filed on March 25, 2016, 120 days expires on July 25, 2016. (120 days was July 23, 2016, but this was a Saturday. Thus, the deadline is extended to July 25, 2016.) However, if the Plaintiff establishes good cause for failing to serve, the Court may extend the time for service for an appropriate period of time.

The time parameters established in Rule 4(m) are designed to ensure that defendants will be promptly notified of pending lawsuits so as to guard against possible prejudice resulting from

delay. *Cartwright v. Univ. of Cal.*, 2005 U.S. Dist. LEXIS 28713, 5 (E.D. Cal. Nov. 17, 2005), *citing Electrical Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309 (9th Cir. 1992). With respect to what constitutes "good cause" for purposes of extending the 120 days permitted for timely service under Rule 4(m), a demonstration of good faith on the part of the party seeking an enlargement of time is generally required, along with some reasonable basis for noncompliance with the time limitations set forth within Rule 4(m). *Cartwright,* at 5, *citing MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3rd Cir. 1995). Any prejudice to the defendant from granting an extension is also considered (see Feingold v. Hankin, 269 F. Supp. 2d 268, 275 (S.D. N.Y. 2003), as is the question of whether dismissal of the action would prevent re-filing due to the applicable statutes of limitation. *Cartwright,* at 5, *citing Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).

The Ninth Circuit has characterized good cause, at a minimum, as "excusable neglect." *Electrical Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 312 (9th Cir. 1992); *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). The good cause exception applies only in limited circumstances, and inadvertent error or ignorance of governing rules alone will not excuse the failure to serve. *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992).

"Good cause" in context of Fed.R.Civ.P. 4(m) generally means that service has been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control. *Mateo v. M/S KISO,* 805 F. Supp. 792, 795 (N.D. CA 1992).

In the instant matter, Plaintiff has been prevented from serving the Defendants due to factors beyond Plaintiff's control. In fact, it is the Defendants' actions in hiding their true identities, to further their unlawful infringement activities, which has caused the delay in service of process. The owners and operators have gone to great lengths to hide their identities, requiring the service of subpoenas on the relevant vendors for the web sites, only to thereafter discover the need for further subpoenas and potential court action to enforce the subpoenas.

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

Six vendors for the web sites were identified within the United States and subject to subpoenas. Subpoenas for each of these vendors were issued within a week of the Court's Order Granting Early Discovery, with service accomplished shortly thereafter. Five of the six vendors responded to the subpoenas by July 15, 2016. One vendor, Traffic Haus, has completely ignored the subpoena and Plaintiff is investigating a motion to compel.

The disclosures from the five entities, which responded to the subpoenas, reference what appears to be only a nickname on the accounts. However, they also reveal three new entities which provided IP addresses from which Spankbang.com was access for administrative purposes. These entities have now been served with subpoenas, with deadlines ranging between August 2, 2016 and August 22, 2016.

Currently, Plaintiff is waiting for responses to three recent subpoenas, all resulting from disclosures from the initial subpoenas, and will likely need to address one outstanding subpoena through a motion to compel.

Plaintiff has been diligent and acted in good faith in using available tools to discover the identity of the owners and operators of the web site at issue in this case. Plaintiff first attempted through standard investigation techniques to determine the owners and operators of the web sites. Unsuccessful, Plaintiff sought leave of court for early discovery in order to serve subpoenas on the known vendors for the web sites. Plaintiff served subpoenas on these vendors. The results of the subpoenas have led to the need for further action, by filing enforcement action regarding one subpoena and the discovery of new vendors that were recently subpoenaed.

There is no prejudice to the Defendants by granting an extension to the 120 day time limit for service of process. The only prejudice would be the discovery of their actual identity and forcing the owners and operators to answer for their actions on the websites. While dismissal of the lawsuit would not affect statute of limitations, the dismissal of the lawsuit would further hinder Plaintiff's attempts to discover the owners and operators of the websites, as Plaintiff needs to continue discovery tasks with the web sites' vendors.

Plaintiff has acted diligently and in good faith. Good cause exists to extend the 120 day time limit for service of process for an appropriate time. Given the tasks that need to be completed, and the need to serve upon discovery of the owners and operators of the web sites, it is contemplated that an additional 60 days is necessary to best ensure an ability to identify and serve the Defendants.

## IV.  CONCLUSION

The delay in service of process is due to Defendants' skill in hiding their true identities and the need to go through subpoena process with several levels of vendors for the websites. Given Plaintiff's diligence, efforts, and good faith, good cause exists to extend the 120 day time limit for service of process an additional 60 days.

RESPECTFULLY SUBMITTED this 25th day of July 2015.

**FREEMAN LAW FIRM, INC.**

*/s/ Spencer D. Freeman*
Spencer D. Freeman, WSBA#25069
Attorneys for Plaintiff